IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE, | CV 19-108-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND |
| | RECOMMENDATION |
| HEATHER SMITH; ATTORNEY | OF U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | |
| MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Clarence Redmond Logue's application for writ of habeas corpus under 28 U.S.C. § 2254. Logue is a state prisoner proceeding pro se.

### I.  Failure to Exhaust State Remedies and Motion for Stay

### A.  Background

Logue's petition presents two claims. He claims his suspended sentence was revoked due to ineffective assistance of counsel in his original sentencing proceeding. *See* Pet. (Doc. 1) at 4 ¶ 13A; Pet. Br. (Doc. 2) at 5–7, 9. He also makes a claim concerning whether the Department of Corrections should place him

1

at Montana State Prison, in a prelease center, or on conditional release in the community.  *See* Pet. Br. at 11.

Logue did not present any of his claims in state court "due to the apparent abuse of authority" by people acting on behalf of the State.  Logue asserts that "<u>any</u> attempt to seek relief in state court would be futile."  Pet. (Doc. 1) at 5; *see also id*. at 3 ¶ 9; Pet. Br. at 1.

On July 18, 2019, the Court ordered Logue to show cause why his petition should not be dismissed for failure to exhaust state remedies.  *See* Order to Show Cause (Doc. 5) at 4 ¶ 2; 28 U.S.C. §2254(b)(1)(A), (c); Rule 4, Rules Governing § 2254 Cases.  Logue responded by moving to stay his federal petition.  *See* Mot. to Stay (Doc. 6) at 1–2.

**B.  Controlling Law**

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district court may stay petition containing only unexhausted claims).  In addition to good cause, a petitioner must show that at least one of his claims is not "plainly meritless" and that he has not engaged in "abusive litigation tactics or intentional delay."  *Rhines*,

544 U.S. at 278.

## C. Application

### 1. Good Cause

Logue's petition says that he did not exhaust his state remedies because he did not think he would prevail.  Pet. (Doc. 1) at 3 ¶ 9; *id.* at 5; Pet. Br. at 1.  This belief is not good cause for failure to exhaust.  Even if he did not receive a fair hearing in the trial court—obviously an unfair assumption when he has not even tried—there is no reason to suppose the Montana Supreme Court would be unable to adjudicate an appeal fairly.

Logue's motion to stay says that he has now filed in state court "a petition for writ of habeas corpus."  *See* Mot. to Stay at 1 (citing Cause No. DV-19-617(B)).  The petition evidently concerns what his attorneys did or failed to do at his sentencing in 2018 or in his revocation proceedings, *see* Mot. to Stay at 1 ¶¶ 1–4, not his DOC placement.  He also refers to "a state evidentiary hearing in his petition for post-conviction relief," *id*. at 2, and cites two postconviction statutes, *see id*. at 1 (citing Mont. Code Ann. §§ 46-21-101(1) and 102(2)), but the records of the Eleventh Judicial District show that he has filed only one action.[1]

It is not clear whether Logue has filed only a habeas petition or a petition

---

[1]  A court may take judicial notice of a state court's records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b).

that is a hybrid postconviction-and-habeas petition.  It is also not clear how the trial court will decide to handle the petition Logue has filed.  What is clear is that Logue has not attempted to show good cause for not exhausting his claims in state court before he filed in federal court.  He may simply follow the ordinary course of state and federal postconviction litigation by presenting his claims in state court and then, if he does not obtain the relief he requests, filing in this Court.  *See* 28 U.S.C. § 2244(d)(2); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

The Court notes that claims regarding Logue's original sentence were likely time-barred before he filed his federal petition on June 19, 2019.  But he alleges the revocation of his suspended sentence is the prejudice he suffered from counsel's performance in the original sentencing proceedings.  And the revocation judgment was entered on March 1, 2019, leaving plenty of time to exhaust state remedies, especially because a "properly filed" state postconviction petition will toll the federal limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A), (2); *see also* Order of Revocation Judgment and Sentence at 1, *State v. Logue*, No. DC-17-339B (Mont. 11th Jud. Dist. Court Mar. 1, 2019); *Trigueros*, 658 F.3d at 987.  At any rate, a petitioner's failure to comply with the federal limitations period is not good cause to impose a stay.

## 2. Potentially Meritorious Claim

If all of Logue's claims were plainly meritless, the Court would have

4

recommended denial of relief and avoided procedural issues including exhaustion. *See* 28 U.S.C. § 2254(b)(2). Logue's argument that he absconded from supervision because he lacked funds to remain in Montana is not compelling, but it is not inconceivable that his attorneys should have advised the state court of the jail's diversion of his funds and/or should have investigated his ability to comply with the conditions of a suspended sentence. Logue meets the second prong of the *Rhines* test.

### 3. Tactics

Logue filed prematurely because he is anxious to obtain a quick result, not because he is engaging in intentional delay. But he is asking, in effect, to "park" a federal habeas petition on the docket before he even attempts to obtain relief in state court. Indulging this tactic would essentially extend the statutory federal limitations period by the time it takes a federal judge to review the federal petition, recognize the failure to exhaust, and set a deadline for the petitioner to file in state court. Good cause may support a genuinely protective filing, *see, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017), but generally a federal court's docket is and should remain a no-parking zone.

### D. Conclusion

Logue has not shown good cause to stay his petition while he pursues state

remedies, and cause does not emerge from the circumstances of the case. Not all of his claims are plainly meritless, but he adopts an abusive tactic by asking the Court to stay claims he still has ample time to present in state court. His motion to stay should be denied, and his federal petition should be dismissed for failure to exhaust state judicial remedies.

Dismissal on this basis means that Logue may file another federal habeas petition in the future without running afoul of the stringent restrictions on second or successive petitions. *See* 28 U.S.C. § 2244(b); *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

Logue's allegations that his lawyers should have advised the state court of the jail's diversion of his funds or investigated his situation more thoroughly might

conceivably meet the substantial-showing standard.  But reasonable jurists would not find reason to debate whether Logue has shown good cause for his failure to exhaust his state remedies before filing here.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Logue's motion to stay (Doc. 6) should be DENIED.

2.  The Petition should be DISMISSED for failure to exhaust state remedies.

3.  The clerk should be directed to enter by separate document a judgment of dismissal.

4.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Logue may object to this Findings and Recommendation within 14 days.[2] *See* 28 U.S.C. § 636(b)(1).  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Logue must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in

---

[2]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of this case without notice to him.

DATED this 26th day of July, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge