

FILED

SEP 09 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE,<br><br>Petitioner,<br><br>vs.<br><br>HEATHER SMITH; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 19–108–M–DLC<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on July 26, 2019 concerning Petitioner Clarence Redmond Logue's habeas petition brought pursuant to 28 U.S.C. § 2254. (Doc. 7 at 1.) Judge Lynch recommended the Court dismiss the action for failure to exhaust state judicial remedies and denied Logue's motion to stay (Doc. 7 at 7.) Logue failed to timely object to the Findings and Recommendation, and so waived his right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash.*

*Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

Having reviewed the Findings and Recommendation, the Court finds no clear error in Judge Lynch's recommendation to dismiss Logue's complaint. A petitioner must exhaust his state judicial remedies before bringing a habeas action in federal court. *Rose v. Lundy*, 455 U.S. 509, 520 (1981). Logue did not exhaust state judicial remedies prior to filing this habeas action in federal court, as required. (Doc. 7 at 4). Nor has Logue shown good cause for his failure to exhaust, as his assertion that "any attempt to seek relief in state court would be futile" (Doc. 1 at 5) is not supported by the record. Without having had his claims heard either in trial court or by the Montana Supreme Court, such an assessment of the futility of doing so is speculative.

When ordered by the Court on July 18, 2019 (Doc. 5) to show cause why his petition should not be dismissed for failure to exhaust state remedies, Logue responded by moving to stay his federal petition (Doc. 6 at 1–2). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, a stay is inappropriate as Logue neither exhausted his claims in state court prior to filing his petition in federal court, nor demonstrated good cause for failing to do so.

A reasonable jurist would not disagree that Logue has failed to exhaust his state remedies. Therefore, a certificate of appealability is inappropriate in this case. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

Accordingly, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendation (Doc. 7) is ADOPTED IN FULL;

(2) Logue's petition (Doc. 1) is DISMISSED for failure to exhaust state judicial remedies;

(3) Logue's motion to stay (Doc. 6) is DENIED;

(4) A certificate of appealability is DENIED; and

(5) The Clerk of Court shall enter judgment of DISMISSAL by separate document.

DATED this 9th day of September, 2019.

Dana L. Christensen, Chief Judge
United States District Court